FILED
U.S. DISTRICT COURT
          DIV.

2011 MAR -7 PM 12: 30

[signature] Taylor
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| AARON L. STEPHEN, | :|
| Plaintiff, | : |
| v. | : CIVIL ACTION NO.: CV209-185 |
| WAYNE V. BENNETT and RON CORBETT, | : |
| Defendants. | : |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Rogers State Prison in Reidsville, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983, contesting certain conditions of his confinement while he was housed at the Glynn County Detention Center in Brunswick, Georgia. Defendants filed a Motion for Summary Judgment, and Plaintiff filed a Response. Defendants filed a Reply, to which Plaintiff filed a Surreply. For the reasons which follow, Defendants' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff asserts that he was denied access to the law library on one occasion for an unknown reason; he filed an appeal, and Defendant Bennett (the Sheriff) and Defendant Corbett (the Undersheriff) denied his appeal. Plaintiff contends that the law

AO 72A
(Rev. 8/82)

library at the Detention Center lacked federal case law materials, which made it impossible to draft an appeal in his criminal cases. Plaintiff also contends that Defendants did not provide him enough time in the law library, writing materials, computer access, or answer his requests for assistance.

Defendants contend that they provided Plaintiff with constitutionally adequate access to the courts, and Plaintiff's rights were not violated. Defendants also contend that they are entitled to qualified immunity.

## **STANDARD OF REVIEW**

Summary judgment "shall" be granted if "the movant[s] show[ ] that there is no genuine dispute as to any material fact and that the movant[s are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Grp., Inc., ___ F. Supp.2d ___, 2011 WL 589830, at *2 (M.D. Fla. Feb. 18, 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)), and (Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).

The moving parties bear the burden of establishing that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law. See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no "genuine dispute[s] as to any material fact and the movant[s are] entitled to judgment as a matter of law." Moton v. Cowart, ___ F.3d ___, 2011 WL

AO 72A
(Rev. 8/82)

2

310762, at *2 (11th Cir. Feb. 2, 2011). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. See id. (citing Celotex v. Catrett, 477 U.S. 317, 322-23 (1986)). In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee Co., Fla., ___ F.3d ___, 2011 WL 182819, at *5 (11th Cir. Jan. 21, 2011).

## DISCUSSION AND CITATION TO AUTHORITY

Defendants assert that Plaintiff was represented by counsel during the time he alleges Defendants violated his constitutional rights. As a matter of law, Defendants aver, Plaintiff was provided with adequate access to the courts. Defendants contend that Plaintiff's preference for a "more robust law library or additional time in the library is of no consequence." (Doc. No. 27-1, p. 8). Defendants also contend that any injury to his direct appeal Plaintiff may have suffered was not a result of their actions, but, rather, because Plaintiff did not make financial arrangements for obtaining a hearing transcript. Defendants further contend that Plaintiff has failed to show that his appeal was nonfrivolous such that he can prevail on his access to the courts claim.

Plaintiff alleges that the policy allowing only one hour of law library time per week was inadequate in his situation, as he was pursuing matters in state and federal courts. Plaintiff also alleges that he need not show an "actual injury" because his cause of action "directly implicates the core Bounds issue of whether [he] had adequate access

AO 72A
(Rev. 8/82)

to a law library or persons trained in the law." (Doc. No. 33, p. 6). Plaintiff asserts that the materials offered at the Detention Center's law library are inadequate, and that, since he has been transferred to another facility, he has discovered that he could have filed a timely motion pursuant to 28 U.S.C. § 2255. Plaintiff avers that he was not represented by effective counsel at any time.

"Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." Chappell v. Rich, 340 F.3d 1279, 1282 (11th Cir. 2003) (citing Christopher v. Harbury, 536 U.S. 403, 415 n.12 (2002)). In order to pass constitutional muster, the access allowed must be more than a mere formality. Bounds v. Smith, 430 U.S. 817, 822 (1977); Chappell, 340 F.3d at 1282. The access must be "adequate, effective, and meaningful." Bounds, 730 U.S. at 822. For an inmate to state a claim that he was denied access to the courts, he must establish that he suffered "actual injury" by showing that the defendant's actions hindered his ability to pursue a nonfrivolous claim. Christopher, 536 U.S. at 415; Jackson v. State Bd. of Pardons & Paroles, 331 F.3d 790, 797 (11th Cir. 2003). The pursuit of claims which are protected are those in which a plaintiff is attacking his sentence, directly or collaterally, or challenging the conditions of his confinement. See Lewis v. Casey, 518 U.S. 343 (1996). Stated another way, the "only specific types of legal claims [which] are protected by this right [are] the nonfrivolous prosecution of either a direct appeal of a conviction, a habeas petition, or a civil rights suit." Hyland v. Parker, 163 F. App'x 793, 798 (11th Cir. 2006) (citing Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir. 1998)). There is no issue of material fact when the non-moving party has failed to prove the

4

existence of an element essential to his case. Regions Bank v. Provident Bank, Inc., 345 F.3d 1267, 1279 (11th Cir. 2003). "Actual injury" is an essential element to a claim asserting the denial of access to the courts. See Christopher, 536 U.S. at 415.

This right to access to the courts also "requires prison authorities to. . . provide prisoners with adequate law libraries. . ." Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1998) (quoting Bounds, 430 U.S. at 828). This right is not a "abstract, freestanding right to a law library or legal assistance,' so a prisoner bringing a deprivation of access to court claim must allege actual injury as a 'constitutional prerequisite.'" Taylor v. McSwain, 335 F. App'x 32, 34 (11th Cir. 2009) (quoting Lewis, 518 U.S. at 351-52). In other words, "in an access-to-courts claim, 'a plaintiff cannot merely allege a denial of access to a[n adequate] law library. . ., even if the denial is systemic.'" Id. at 1291 (quoting Sabers v. Delano, 100 F.3d 82, 84 (8th Cir. 1996)). "To prevail, a plaintiff must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case, that results from actions of prison officials." Miller v. Donald, 132 F. App'x 270, 272 (11th Cir. 2005) (citing Wilson, 163 F.3d at 1290-91).

The evidence before the Court reveals that Plaintiff does not present a genuine dispute as to any material fact. The Honorable Anthony A. Alaimo signed Plaintiff's judgment in his criminal case (Case Number CR209-1) on July 7, 2009, and this judgment was entered on July 8, 2009. (Doc. No. 27-4, p. 2). Plaintiff filed a timely Notice of Appeal, and he completed and signed a "Transcript Order Information" form, by which he certified that he contacted the court reporter and made "satisfactory arrangements" to pay for the cost of the transcript. (CR209-1, Doc. No. 34). However,

Plaintiff failed to do this. The Eleventh Circuit Court of Appeals informed Plaintiff that he had 14 days to make financial arrangements for the transcript to be prepared, and his failure to do so would result in the dismissal of his appeal. (Id. at Doc. No. 41). Plaintiff's criminal appeal was dismissed on September 16, 2009, "for want of prosecution because the appellant has failed to make satisfactory arrangements for the transcript within the time fixed by the rules[.]" (Id. at Doc. No. 42).

While Plaintiff arguably has established that he suffered an "actual injury" in his pursuit of a non-frivolous cause of action, as the appeal in his federal criminal case was dismissed, Plaintiff has failed to show that said injury resulted from *Defendants' actions*. The dismissal of Plaintiff's appeal was the result of Plaintiff's inaction, not the alleged inadequacy of the Detention Center's law library or the weekly provision of time in the law library allotted to the detainees. See Schlachter v. Strength, No. CV109-95, 2010 WL 1010746 (S.D. Ga. Mar. 15, 2010) (a claim alleging an inadequately stocked library, without more, is not enough to prevail on an access to the courts claim).[1]

It is unnecessary to address the remaining ground of Defendants' Motion.

---

[1] As for Plaintiff's assertion that he was denied access to the law library on one occasion, he has presented no evidence whatsoever which reveals this purported denial caused any actual injury to his pursuit of a non-frivolous cause of action. Plaintiff additionally fails to present any evidence that he pursued post-conviction matters in his state court criminal proceedings. As to Defendants' assertion that Plaintiff was represented by counsel at the time of the alleged constitutional violations, it appears that, though Reid Zeh, III, had not withdrawn formally from his representation of Plaintiff, he was not providing Plaintiff with assistance during the time his appeal was pending in the Eleventh Circuit.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion for Summary Judgment be **GRANTED**. Plaintiff's Complaint should be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 7th day of March, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)